UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETTE M. GROSSMAN, on Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>OPPENHEIMER & CO. INC, FREEDOM INVESTMENTS INC., OPPENHEIMER ASSET MANAGEMENT and OPPENHEIMER HOLDINGS INC.,<br><br>　　　　　　　Defendants. | <u>CLASS ACTION</u><br><br>Civil Action No. 08 CV 3528 (LAP) |
| DAVID T. VINING, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>OPPENHEIMER HOLDINGS INC., OPPENHEIMER & CO. INC. and OPPENHEIMER ASSET MANAGEMENT INC.<br><br>　　　　　　　Defendants. | <u>CLASS ACTION</u><br><br>Civil Action No. 08 CV 4435 (LAP) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF THE GROSSMAN GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD
<u>PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**INTRODUCTION**

Presently pending in this district are at least two securities fraud class actions (the "Actions") brought against Oppenheimer Holdings Inc. and certain of its subsidiaries and affiliates (collectively "Oppenheimer" or the "Company") pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and 78t(a), and Rule 10b-5 (17 C.F.R. 24-0.10b-5) promulgated thereunder by the Securities and Exchange Commission (the "SEC"). The claims are asserted on behalf of purchasers of auction rate securities offered for sale by Oppenheimer between April 9, 2003 and February 13, 2008 (the "Class Period") who continued to hold such securities through February 13, 2008 (the "Class").

Movants Bette M. Grossman, and Kathleen Hnath and Charlene Stephens (co-trustees) on behalf of the Nicholas Hnath Trust (collectively the "Grossman Group or "Movants"), collectively hold $175,000 in illiquid, unredeemed auction rate securities purchased through Oppenheimer during the Class Period. Accordingly, Movants respectfully submit this memorandum of law in support of their motion for entry of an order: (1) consolidating the above-captioned related Actions; (2) appointing the Grossman Group as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) approving Lead Plaintiff's selection of Stull, Stull & Brody and Weiss & Lurie as Co-Lead Counsel pursuant to the PSLRA.

**PROCEDURAL BACKGROUND**

On April 11, 2008, plaintiff in the action *Grossman v. Oppenheimer & Co. Inc. et al.*, 08-CV-3528 (S.D.N.Y.), filed a complaint on behalf of a proposed Class consisting of all purchasers of auction rate securities from Oppenheimer during the proposed Class Period. On April 11, 2008, notice was published over *Business Wire* advising members of the proposed Class of their

1

right to move the Court to serve as lead plaintiff within the requisite period from the date of publication of the notice, i.e., by June 10, 2008. *See* Declaration of Jason D'Agnenica in Support of Motion of the Grossman Group (D'Agnenica Decl."), Exhibit A.  A similar, related action, *Vining v. Oppenheimer Holdings Inc., et al.,* Case No. 08-cv-4435 (S.D.N.Y.), was filed in this District on May 12, 2008.

## SUMMARY OF THE ACTION

This litigation arises out of the fact that Defendants have refused to allow Movants and the other members of the proposed Class to withdraw their money from investments that Defendants represented had liquidity comparable to cash.[1]  Cplt. ¶¶ 2, 3, 5.  The investments at issue are auction rate securities, which are variable-rate instruments whose interest rates are set at periodic auctions.  Cplt. ¶ 15.  During the Class Period, Defendants knew, but failed to disclose or correct their misrepresentations, that auction rate securities were not cash alternatives but were actually complex, long-term financial instruments that were only liquid at the time of sale because Defendants were artificially supporting and manipulating the market to maintain the appearance of stability and liquidity.  Cplt. ¶ 4.

On February 13, 2008, 87% of all auction rate securities, including those sold by Defendants, failed, when Defendants and all other major broker-dealers refused to continue to support the auctions.  Cplt. ¶ 5.  As a result of the withdrawal of support by Defendants and all other major broker-dealers, the market for auction rate securities collapsed, leaving holders of auction rate securities, including Movants and the members of the Proposed Class, with no means of liquidating their investments.  Cplt. ¶ 5.

---

[1] References to the allegations are to the complaint in the action *Grossman v. Oppenheimer & Co. Inc.*, 08-CV-3528 (S.D.N.Y. April 11, 2008), referenced as "Cplt. ¶ __".

2

**ARGUMENT**

    A.    <u>The Actions Should Be Consolidated</u>

The above-captioned Actions involve class claims on behalf of purchasers of auction rate securities from Oppenheimer during the Class Period and assert essentially similar and overlapping class claims for relief. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir.), *cert. denied,* 498 U.S. 920 (1990). That test is met here and the Actions should be consolidated.

    B.    <u>Movants Should Be Appointed As Lead Plaintiff</u>

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in "each action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

Under the PSLRA, the plaintiff who files the initial action must publish notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA also provides that within 90 days after publication of notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines the most adequate to represent the interests of the class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I).

### 1. Movants Have Complied with the PSLRA in Timely Seeking Appointment as Lead Plaintiff

On April 11, 2008, notice of the filing of the initial complaint, *Grossman v. Oppenheimer & Co. Inc.*, No. 08-CV-3528, was published over *Business Wire* informing Class members of their right to file a motion for appointment as lead plaintiff within 60 days from the date of the notice. *See* D'Agnenica Decl., Exhibit A. The PSLRA provides that any member of the proposed Class may move to serve as lead plaintiff not later than 60 days after the date on which the notice is published. 15 U.S.C. § 78u-4 (a)(3)(A). Therefore, the time period in which Class members may move to be appointed as lead plaintiff herein under 15 U.S.C. § 78u-4 (a)(3)(A) and (B) expires on June 10, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Movants' application to be appointed as lead plaintiff, filed on June 10, 2008, is thus timely.

The members of the Grossman Group have duly signed certifications stating that they have reviewed the complaint and are willing to serve as representative parties on behalf of the proposed Class. *See* D'Agnenica Decl., Exhibit B. In addition, Movants have selected and retained experienced and competent counsel to represent them and the other members of the proposed Class. *See* D'Agnenica Decl., Exhibits D and E.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(A) & (B) and are entitled to have their application for appointment as Lead Plaintiff and selection of counsel, as set forth herein, considered and approved by the Court

  .

### 2. Movants Have a Significant Financial Interest in the Relief Sought by the Class

Pursuant to the PSLRA, 15 U.S.C. § 21(a)(3)(B)(iii), the court shall appoint the lead plaintiff who represents the largest financial interest in the relief sought by the action. Movants herein collectively hold $175,000 in illiquid, unredeemed auction rate securities purchased through Oppenheimer during the Class Period. *See* D'Agnenica Decl., Exhibit C. As a result, Movants have a significant financial interest in the relief sought in the Actions.

Many auction rate securities sold by Defendants have been or will be redeemed. For example, on April 11, 2008, Eaton Vance announced that the full value plus the amount of accumulated unpaid dividends would be given to investors of the Eaton Vance Limited Duration Income Fund. *See* D'Agnenica Decl., Exhibit F. These are among the auction rate securities purchased by the plaintiff in the action *Vining v. Oppenheimer Holdings Inc.*, No. 08-CV-4435. In addition, investors who purchased certain auction rate securities are receiving their dividends at high rates, which offset loss. *See* D'Agnenica Decl., Exhibit G (showing, for example, that investors of the PIMCO Floating Rate Income Fund Auction Rate Preferred Series T, also purchased by the plaintiff in *Vining v. Oppenheimer Holdings Inc*, No. 08-CV-4435, are receiving a rate of 3.54%).

Movants' investments in Oppenheimer auction rate securities, specifically BlackRock Muniholdings New York Insured, purchased by Bette Grossman, and Eaton Vance Senior Floating Rate Tr. 7 Days Preferred Auction Series B, purchased by the Nicholas Hnath Trust, remain illiquid in the amount of $175,000 collectively. Therefore, Movants have a significant financial interest in the Actions.

5

### 3.     Movants Otherwise Satisfy the Requirements of Federal Rule of Civil Procedure Rule 23

According to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Only the typicality and adequacy elements, however, are relevant to the selection of a lead plaintiff. *See*, *e.g.*, *Dolan v. Axis Capital Holdings Ltd.*, 2005 U.S. Dist. LEXIS 6538, at *11 (S.D.N.Y. 2005); *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004).

Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See In re Drexel Burnham Lambert Group, Inc.*, 960 F. 2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); *see also In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 436 (S.D.N.Y. 2008). Typicality, however, does not require the claims of the class representative to be identical to the claims of the class. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

*Bishop v. New York City Dept. of Housing Preservation and Development*, 141 F.R.D. 229, 238 (2d Cir. 1992).

6

Here, Movants satisfy the typicality requirement because they: (1) purchased or otherwise acquired auction rate securities from Defendants during the Class Period as a result of Defendants' materially false and misleading statements and omissions; (2) held their auction rate securities on the date Defendants withdrew their support for the auction market and the market collapsed and continue to hold such securities; and (3) the auction rates securities are now illiquid.  Thus, typicality is satisfied since the claims asserted by Movants arise from the same events or course of conduct that gives rise to claims of other class members, and the claims are based on the same legal theory.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class."  To fairly and adequately protect the interests of the class: "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *In re Fuwei Films*, 247 F.R.D. at 436 (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412-13 (S.D.N.Y. 2004).

Here, Movants are clearly adequate representatives of the Class.  As shown by the injury suffered by Movants, who purchased auction rate securities based on Defendants' misrepresentations and omissions that they were cash equivalents, Movants' interests are clearly aligned with the members of the proposed Class, and there is no evidence of any antagonism between Movants' interests and those of the other members of the proposed Class.  In addition, Movants have retained competent and experienced counsel to prosecute the class claims.  *See* D'Agnenica Decl., Exhibits D and E.

Thus, Movants satisfy both the typicality and adequacy requirements of Rule 23.

### C. The Court Should Approve Movants' Choice of Lead Counsel

Pursuant to the PSLRA, 15 U.S.C. § 78u-4 (a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. In that regard, Movants have selected Stull, Stull & Brody and Weiss & Lurie to serve as Co-Lead Counsel. Stull, Stull & Brody and Weiss & Lurie have extensive experience in successfully prosecuting shareholder and securities class actions and have frequently appeared in major actions in this and other courts. *See* D'Agnenica Decl., Exhibits D and E.

### CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (i) consolidate all related actions; (ii) appoint Movants as Lead Plaintiff; and (iii) approve Movants' selection of Co-Lead Counsel as set forth herein.

Dated: June 10, 2008                                       Respectfully submitted,

**STULL, STULL & BRODY**

By: /s/ Jason D'Agnenica
Jules Brody (JB-9151)
Aaron Brody (AB-5850)
Jason D'Agnenica (JD-9340)
6 East 45th Street
New York, New York 10017
Tel: (212) 687-7230

**WEISS & LURIE**
Jordan L. Lurie
10940 Wilshire Blvd.
Suite 2300
Los Angeles, California 90024
Tel: (310) 208-2800

**Proposed Co-Lead Counsel**

8

**CERTIFICATE OF SERVICE**

      I, Jason D'Agnenica, hereby certify that on June 10, 2008, I filed and served the foregoing document with the Clerk of the Court via CM/ECF in accordance with the Federal Rules of Civil Procedure and the Southern District's Rules on Electronic Service upon the following counsel of record in the action:

| | |
|---|---|
| Scott Arthur Eggers | John Hoover Snyder |
| Proskauer Rose LLP | Proskauer Rose LLP |
| Seggers@proskauer.com | jsnyder@proskauer.com |
| *Counsel for Defendants* | *Counsel for Defendants* |
| | |
| Stephen Leonard Ratner | Howard Wilson |
| Proskauer Rose LLP | Proskauer Rose LLP |
| sratner@proskauer.com | hwilson@proskauer.com |
| *Counsel for Defendants* | *Counsel for Defendants* |

Jonathan K. Levine
Girard Gibbs, L.L.P.
Jkl@girardgibbs.com
*Counsel for David T. Vining*


Dated: June 10, 2008                                    /s/ Jason D'Agnenica
                                                                            **Stull, Stull & Brody**
                                                                             6 East 45th Street
                                                                             New York, New York 10017
                                                                             Tel: (212) 687-7230