UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETTE M. GROSSMAN, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br> vs.<br><br>OPPENHEIMER & CO. INC, FREEDOM INVESTMENTS INC., OPPENHEIMER ASSET MANAGEMENT and OPPENHEIMER HOLDINGS INC.,<br><br>      Defendants. | Civil Action No. 08 CV 3528 (LAP) |
| DAVID T. VINING, Individually And On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>OPPENHEIMER HOLDINGS INC., OPPENHEIMER & CO. INC., and OPPENHEIMER ASSET MANAGEMENT INC.<br><br>      Defendants. | Civil Action No. 08 CV 4435 (LAP) |

**BETTE M. GROSSMAN'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF LEAD PLAINTIFF APPOINTMENT
AND APPROVAL OF SELECTION OF COUNSEL, AND IN REPSONSE TO
DEFENDANTS' RESPONSE TO MOTIONS FOR CONSOLIDATION OF ACTIONS,
<u>APPOINTMENT OF LEAD PLAINTIFF, AND APPOINTMENT OF LEAD COUNSEL</u>**

Movant Bette M. Grossman ("Plaintiff Grossman") hereby respectfully submits this memorandum of law with respect to her appointment as Lead Plaintiff for investors who purchased auction rate securities from Defendants prior to five years before the Class Action Complaint ("Complaint") (Dkt. No. 1)[1] was filed[2] and her selection of Stull, Stull & Brody and Weiss & Lurie to serve as Lead Counsel.

## ARGUMENT

On June 24, 2008, Defendants filed with the Court Defendants' Response to Motions for Consolidation of Actions, Appointment of Lead Plaintiff, and Appointment of Lead Counsel ("Defendants' Response"), (Dkt. No. 18). In Defendants' Response, Defendants argue that Plaintiff Grossman purchased her auction rate securities in February of 2003, and therefore, her claims are barred by the five-year statue of repose. Defendants' Response at 2-3. While Defendants' argument is premature and will be vigorously contested on the issue of the statute of repose, it does highlight how investors who purchased auction rate securities from Defendants prior to five years before the Complaint was filed should have separate representation for their claims.

Pursuant to this Court's Order, dated May 20, 2008 ("May 20 Order") (Dkt. No. 3), to the extent that Defendants believe Plaintiff Grossman's Complaint to be insufficient, they were to so inform plaintiff by letter, detailing all perceived deficiencies. After receiving such letter, plaintiff would then stand on the present Complaint, or file an amended complaint. *See* May 20 Order. Counsel was to confer and agree upon a proposed schedule, which they did. Ex. A,

---

1   References to the docket refer to the docket in *Grossman v. Oppenheimer & Co. Inc et. al*, 08-cv-3528 (LAP) (S.D.N.Y. April 11, 2008).

2   The Complaint was filed on April 11, 2008.

1

annexed herewith. Defendants' argument that Plaintiff Grossman's claims are barred by the five-year statute of repose is premature.

Plaintiff Grossman's account statement shows on its face that she had an exchange of 4 auction rate securities worth $100,000 on October 3, 2006. *See* Defendants' Response (Dkt. No. 18) at Ex. 1, Statement of Account at 3-4. Such an exchange constitutes a purchase, or, at the very least, raises an issue of fact. *SEC v. National Sec., Inc.*, 393 U.S. 453, 467 (U.S. 1969) (plaintiffs made what is considered a "purchase" of shares in a company under Section 10(b) of the Exchange Act "by exchanging them for their old stock").

## CONCLUSION

For all the foregoing reasons, Plaintiff Grossman should be appointed Lead Plaintiff for investors who purchased auction rate securities from Defendants prior to five years before the Complaint was filed, and her selection of Stull, Stull & Brody and Weiss & Lurie to serve as Lead Counsel should be approved.

Dated: June 27, 2008

                        Respectfully submitted,

                        **STULL, STULL & BRODY**

                        By: /s/ Jules Brody
                            Jules Brody (JB-9151)
                            6 East 45th Street
                            New York, New York 10017
                            (212) 687-7230

                        **WEISS & LURIE**
                        Jordan L. Lurie
                        10940 Wilshire Blvd.
                        Suite 2300
                        Los Angeles, California 90024
                        (310) 208-2800

                        **Proposed Lead Counsel**

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETTE M. GROSSMAN, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> OPPENHEIMER & CO. INC., FREEDOM INVESTMENTS INC., OPPENHEIMER ASSET MANAGEMENT and OPPENHEIMER HOLDINGS INC., <br><br> Defendants. | 08-CV-3528 (LAP) <br><br> STIPULATION AND <u>PROPOSED ORDER</u> |

WHEREAS, the above-named Plaintiff filed this action on April 11, 2008, seeking relief on behalf of herself and on behalf of a purported class consisting of all persons or entities who purchased and/or acquired auction rate securities offered for sale by Defendants between April 9, 2003 and February 13, 2008, and who held those securities through February 13, 2008 (the "Purported Class");

WHEREAS, a second action (the "Vining Action"), Index No. 08 CV 4435 (LAP), was filed in this Court on May 12, 2008, also seeking relief on behalf of the Purported Class, and has been assigned to Judge Preska as a related case to this case;

WHEREAS, on April 11, 2008, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), the Plaintiff in this case caused a notice to be published advising members of the Purported Class of the pendency of this action, the claims asserted herein, and the purported class period; and further advising that, not later than 60 days after the

date on which the notice was published (or June 10, 2008), any member of the Purported Class may move the Court to serve as lead plaintiff of the Purported Class;

WHEREAS, on May 20, 2008, the Court entered an order in this action requiring the Defendant to inform the Plaintiff of all perceived deficiencies in the present complaint, with the Plaintiff then electing either to stand on the present complaint or to file an amended complaint, with the understanding that no further amendments will be permitted thereafter, and directing counsel to confer and agree upon a proposed schedule (the "May 20 Order"); and

WHEREAS, if the Plaintiff is appointed the lead plaintiff for the Purported Class, she intends to file an Amended Class Action Complaint;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties, and proposed to the Court, as follows:

1. If the Plaintiff is appointed Lead Plaintiff and her counsel is appointed Plaintiff's Lead Counsel, she will file an Amended Class Action Complaint within 60 days of the order appointing her Lead Plaintiff and her counsel Plaintiff's Lead Counsel. The parties will comply with the procedures set forth in the May 20 Order. Pursuant to the May 20 Order, within thirty (30) days after the filing of an Amended Class Action Complaint, to the extent that Defendants believe the Amended Class Action Complaint is insufficient, they shall so inform Plaintiff by letter, detailing all perceived deficiencies in the Amended Class Action Complaint.

2. Pursuant to the May 20 Order, within thirty (30) days after receipt of the letter described in the foregoing paragraph, Plaintiff shall either (i) inform the Court by letter she wishes to stand on the Amended Class Action Complaint, without further amendment, or (ii) file a Second Amended Class Action Complaint, with the understanding that no further amendments will be permitted thereafter.

2

3. Defendants' time to answer, move or otherwise respond to the complaint in this action is extended to thirty (30) days after the deadline for the filing by Plaintiff of the letter set forth in paragraph 2 of this Stipulation and Order, or thirty (30) days after the deadline for the filing of a Second Amended Class Action Complaint, as set forth in paragraph 2 of this Stipulation and Order.

Dated:   New York, New York
         June 6, 2008

_____  
Jules Brody (JB 9151)  
Mark Levine (ML 0180)  
STULL, STULL & BRODY  
6 East 45th Street  
New York, NY 10017  
(212) 687-7230  

Jordan L. Lurie  
WEISS & LURIE  
10940 Wilshire Boulevard, 23rd Floor  
Los Angeles, CA 90024  
(310) 208-2800  

*Attorneys for Plaintiff Bette M. Grossman*

_____  
Howard Wilson  
Stephen L. Ratner  
Scott A. Eggers  
John H. Snyder  
PROSKAUER ROSE LLP  
1585 Broadway  
New York, NY 10036  
(212) 969-3000  

*Attorneys for Oppenheimer & Co. Inc., Freedom Investments Inc., Oppenheimer Asset Management, and Oppenheimer Holdings, Inc.*

SO ORDERED:

_____  
U.S.D.J.

DATED: June ____, 2008