# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETTE M. GROSSMAN, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>OPPENHEIMER & CO. INC, FREEDOM INVESTMENTS INC., OPPENHEIMER ASSET MANAGEMENT and OPPENHEIMER HOLDINGS INC.,<br><br>        Defendants. | Case No. 08-cv-3528 (LAP) |
| DAVID T. VINING, Individually And On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>OPPENHEIMER HOLDINGS INC., OPPENHEIMER & CO., INC, and OPPENHEIMER ASSET MANAGEMENT INC.,<br><br>        Defendants. | Case No. 08-cv-4435 (LAP) |

**RESPONSE IN SUPPORT OF THE MOTION OF DAVID T. VINING FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

## INTRODUCTION

This class action alleges that Oppenheimer Holdings, Inc. and its subsidiaries ("Oppenheimer") violated the Securities Exchange Act of 1934 by deceptively marketing auction rate securities to investors as cash-equivalent alternatives to money market funds, when they were in fact complex, long-term financial instruments. These securities became illiquid on February 13, 2008, when all major broker-dealers abruptly withdrew their "support" of the auction rate securities market.

Before this Court are two motions by Class members seeking consolidation of the above-captioned actions, their appointment as Lead Plaintiff, and approval of their selection of counsel. In his motion for appointment, plaintiff David T. Vining has demonstrated a financial interest of $350,000 in this litigation. In their competing motion, plaintiff Bette Grossman and Class members Kathleen Hnath and Charlene Stephens (co-trustees) on behalf of the Nicholas Hnath Trust (collectively, the "Grossman Group") claim to have an aggregate interest of $175,000. Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Mr. Vining has the largest financial interest and is presumed to be the "most adequate plaintiff" to represent the Class.

Based on this statutory presumption, and because Mr. Vining satisfies the PSLRA's typicality and adequacy requirements, Mr. Vining should be appointed Lead Plaintiff and his selection of counsel should be approved.

## FACTUAL BACKGROUND

As alleged in the *Vining* Complaint filed in this action, Oppenheimer deceptively marketed auction rate securities to members of the Class. Auction rate securities are municipal bonds, corporate bonds or preferred stocks with interest rates of dividend yields that are periodically reset though auctions, typically every 7, 14, 28 or 35 days. The Complaint alleges that Oppenheimer marketed auction rate securities as cash alternatives to money market funds when they are, in fact, complicated financial products based on instruments having maturities of 30 years or more. According to the Complaint, the auction rate securities appeared to be liquid

1

and stable only because broker-dealers were artificially supporting and manipulating the auction market. On or around February 13, 2008, all major broker-dealers stopped intervening in the auction market. As a result, the market collapsed, and Class members who had believed they were holding liquid investments became saddled with long-term securities that they are now unable to sell. State and federal regulators are now conducting several probes into the collapse of the market.

## ARGUMENT

**I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Mr. Vining, the Grossman Group and Oppenheimer agree that the *Grossman* and *Vining* actions should be consolidated for all purposes. *See Grossman* Docket No. 13 at 4; Docket No. 16 at 3; Docket No. 18 at 1. The cases assert the same Exchange Act claims against Oppenheimer, arise out of the same conduct, and present common questions of law and fact. Accordingly, the Court should consolidate the *Grossman* and *Vining* actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

**II.   MR. VINING SHOULD BE APPOINTED LEAD PLAINTIFF**

Mr. Vining holds $350,000 in auction rate securities he purchased from Oppenheimer during the Class Period.[1] Mr. Vining respectfully submits that he should be appointed Lead Plaintiff because he has demonstrated the largest financial interest in this litigation and otherwise meets the requirements of the PSLRA and Federal Rule of Civil Procedure 23.

### A.   The Procedure Required By the PSLRA

Under the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). "A party is entitled

---

[1] As alleged in the *Vining* Complaint, the Class consists of all persons and entities that purchased auction rate securities from Oppenheimer between April 9, 2003 and February 13, 2008, inclusive, and continued to hold such auction rate securities as of February 13, 2008, the date that the auction market collapsed. *See* Complaint, ¶ 13.

2

to the statutory presumption of being the most adequate plaintiff if it can show that it: (aa) filed an initial complaint or timely moved for appointment as lead plaintiff; (bb) has the largest financial interest in the relief sought by the class; and (cc) satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure." *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). The presumption that a party is the most adequate plaintiff may be rebutted only upon proof that the party "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B. Mr. Vining Is Entitled To The Statutory Presumption Of Being The Most Adequate Plaintiff

#### 1. Mr. Vining Has Complied With the PSLRA

As described in Mr. Vining's initial brief, the notice of the filing of the initial action was published on April 11, 2008. Mr. Vining's motion for appointment was filed on June 10, 2008, and is thus timely made. *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B); Fed. R. Civ. P. 6(a).

#### 2. Mr. Vining Has The Largest Financial Interest In The Relief Sought By The Class

Pursuant to the PSLRA, identification of the most adequate plaintiff "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (*quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

Among the prospective Lead Plaintiffs, Mr. Vining has the largest financial interest in the relief sought by the Class. As described in his initial moving papers, Mr. Vining's financial interest is $350,000 — the par value of illiquid auction rate securities he purchased from

3

Oppenheimer during the Class Period that were not redeemed after the Class Period.[2]  *See Grossman* Docket No. 13 at 7; Docket No. 14, Ex. F.

  The Grossman Group uses the same methodology as Mr. Vining to calculate its financial interest in the litigation.  According to its moving papers, the Grossman Group "collectively hold[s] $175,000 in illiquid unredeemed auction rate securities purchased through Oppenheimer during the Class Period."  *Grossman* Docket No. 16 at 5.  The Grossman Group overstates its financial interest, however.  As Oppenheimer points out in its June 24, 2008 response to the pending motions, movant Bette Grossman's claims are time-barred in that she purchased her auction rate securities in February 2003, outside of the five-year statute of limitations for Exchange Act claims.  *See Grossman* Docket No. 18 at 2-3 & Ex. 1.  As Ms. Grossman is not a member of the Class and is therefore ineligible to be appointed Lead Plaintiff, her auction rate securities may not be considered in calculating the Grossman Group's financial interest.[3]  The remaining members of the Grossman Group have only $75,000 at stake in this litigation.

  Even if Ms. Grossman's claims are timely, her financial interest has been reduced by a recent partial redemption of her auction rate securities.  Since the filing of the motions for appointment as Lead Plaintiff, issuer BlackRock has announced that it will redeem approximately 19 percent of the BlackRock Muniholdings New York Insured Fund, Inc., one of the auction rate securities currently held by Ms. Grossman.  *See* Declaration of Aaron M. Sheanin in Support of the Motion of David T. Vining for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Sheanin Decl."), Ex. A (submitted herewith).  This redemption, which is scheduled to take place by June 27, 2008, will reduce the

---

[2] Mr. Vining purchased $500,000 of auction rate securities from Oppenheimer during the Class Period.  $150,000 of those securities were subsequently redeemed by issuer Eaton Vance.  In calculating his financial interest in this litigation, Mr. Vining has excluded the value of his auction rate securities that were redeemed.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008) (discussing calculation of financial interest for purposes of PSLRA).

[3] If Oppenheimer is correct that Ms. Grossman's claims are time-barred, at a minimum she is atypical and inadequate to represent the Class.

Grossman Group's financial interest by approximately $19,000. In contrast, none of Mr. Vining's auction rate securities have been redeemed since he filed his opening brief.

The Grossman Group speculates that Mr. Vining's securities are more likely than theirs to be redeemed in full. No evidence supports that argument. On April 11, 2008, issuer Eaton Vance announced a partial redemption of four auction rate securities, including the Eaton Vance Limited Duration Income Fund, purchased by Mr. Vining, and the Eaton Vance Senior Floating Rate Trust, purchased by Grossman Group movants Ms. Stephens and Ms. Hnath. *See* Sheanin Decl., Ex. B. The applicable shares were redeemed on May 6, 2008 and May 5, 2008, respectively. *See Grossman* Docket No. 14, Ex. F; Docket No. 17, Ex. C at 2. All movants accounted for those redemptions in their moving papers, and no additional redemptions of either fund have been announced. *Id.* In addition, Mr. Vining owns $250,000 of auction rate securities from PIMCO, an issuer that has not announced any plans to redeem its auction rate securities. *See* Sheanin Decl., Ex. C. As a result, Mr. Vining has more than twice the financial interest of the Grossman Group.

The Grossman Group also posits that it may have greater losses in light of the purportedly higher interest rate that Mr. Vining is receiving on one of his funds. *See* Docket No. 16 at 5. As an initial matter, Mr. Vining does not concede that the receipt of interest on the auction rate securities at issue in this case offsets his or other Class members' losses. Comparing interest rates is therefore inappropriate in determining the movants' financial interests for purposes of the Lead Plaintiff appointment. Moreover, the Grossman Group makes no attempt to quantify the movants' financial interests by reference to the interest rates on their auction rate securities. Such a calculation, based on viable interest rates, would only add an unnecessary layer of complexity to the calculation, and therefore should not be used to decide these motions. Nor has Mr. Vining received a significantly "high rate" of interest as compared to the Grossman Group. The current interest rates on the movants' funds range between 2.568 percent and 3.578 percent. *See* Sheanin Decl., Exs. D-F. Even if the Court were to take these interest rates into

5

account, the relatively minor differences among those rates would not have a material impact on the movants' financial interests in the litigation.

In sum, under any theory or calculation, Mr. Vining has the largest financial interest in this litigation and is entitled to the presumption that he is the "most adequate plaintiff."

### 3. Mr. Vining Otherwise Satisfies Rule 23

For the purposes of a lead plaintiff motion, only the typicality and adequacy prongs of Rule 23 are relevant. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008) ("[T]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." (quotations omitted)); *Albert Fadem Trust v. Citigroup, Inc.,* 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."). Mr. Vining satisfies the typicality and adequacy requirements of Rule 23.

As discussed in his previously filed brief, Mr. Vining is typical in that his claims and the claims of all other Class members arise out of their purchases of auction rate securities from Oppenheimer during the Class Period as a result of Oppenheimer's materially false and misleading statements and omissions about the liquidity and risk characteristics of those securities and the auction market. Mr. Vining is adequate to represent the Class because his interests are aligned with those of other Class members, and there is no evidence of any antagonism between their interests. In addition, Mr. Vining has selected competent and experienced counsel to prosecute the claims in this case and to serve the interests of the Class. Accordingly, Mr. Vining is the presumptive "most adequate plaintiff" under the PSLRA, and the Grossman Group has not submitted proof to rebut that presumption. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

///

///

### III. MR. VINING'S CHOICE OF COUNSEL SHOULD BE APPROVED

Mr. Vining has selected three law firms to represent the Class in this matter, subject to Court approval: Girard Gibbs LLP as Lead Counsel, Stueve Siegel Hanson LLP as Co-Lead Counsel, and Seeger Weiss LLP as Liaison Counsel. As shown in the firm resumes filed with his initial moving papers, all three firms have extensive experience in complex class actions and securities litigation on behalf of investors. These firms filed one of the auction rate securities cases against Oppenheimer (the *Vining* action), and they have been instrumental in investigating this matter since the collapse of the auction rate securities market on February 13, 2008. Accordingly, Mr. Vining's selection of counsel should be approved.

### CONCLUSION

For the foregoing reasons and those stated in his moving papers, Mr. Vining respectfully requests that this Court: (1) consolidate the *Grossman* and *Vining* actions for all purposes; (2) appoint him Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i); and (3) approve his selection of counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

DATED: June 27, 2008

Respectfully submitted,

**GIRARD GIBBS LLP**

By:   *Aaron M. Sheanin*
      Aaron M. Sheanin (*pro hac vice*)

Daniel C. Girard (*pro hac vice*)
Jonathan K. Levine (JL-8390)
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

**Proposed Lead Counsel**

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO, 64112
Telephone: (816) 714-7100

Facsimile: (816) 714-7101

**Proposed Co-Lead Counsel**

Christopher A. Seeger (CS-4880)
Stephen A. Weiss (SW-3520)
David R. Buchanan (DB-6368)
**SEEGER WEISS LLP**
One William Street, 10th Floor
New York, NY  10004
Telephone:  (212) 584-0700
Facsimile:  (212) 584-0799

**Proposed Liaison Counsel**

## CERTIFICATE OF SERVICE

I, Aaron M. Sheanin, hereby certify that on June 27, 2008, I caused the following document(s) to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service:

1. **RESPONSE IN SUPPORT OF THE MOTION OF DAVID T. VINING FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of June, 2008 at San Francisco, California.

                                                                /S/ Aaron M. Sheanin
                                                                 Aaron M. Sheanin (*pro hac vice*)