UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETTE M. GROSSMAN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>OPPENHEIMER & CO. INC, FREEDOM INVESTMENTS INC., OPPENHEIMER ASSET MANAGEMENT and OPPENHEIMER HOLDINGS INC.,<br><br>    Defendants. | Case No. 08-cv-3528 (LAP) |
| DAVID T. VINING, Individually And On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>OPPENHEIMER HOLDINGS INC., OPPENHEIMER & CO., INC, and OPPENHEIMER ASSET MANAGEMENT INC.,<br><br>    Defendants. | Case No. 08-cv-4435 (LAP) |

**REPLY IN SUPPORT OF THE MOTION OF DAVID T. VINING FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

Plaintiff David T. Vining respectfully submits this reply in further support of his motion for consolidation of the above-captioned actions, appointment as Lead Plaintiff, and approval of his selection of counsel.

On June 10, 2008, Mr. Vining timely filed a motion, pursuant to Fed. R. Civ. P. 42(a) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for consolidation of the *Grossman* and *Vining* actions, his appointment as Lead Plaintiff, and approval of his selection of counsel. *See Grossman* Docket Nos. 12-14. On the same date, plaintiff Bette M. Grossman and class members Kathleen Hnath and Charlene Stephens (co-trustees) on behalf of the Nicholas Hnath Trust (collectively, the "Grossman Group") timely filed a competing motion. *See Grossman* Docket Nos. 15-17. On June 24, 2008, defendants filed a response to the motions. *See Grossman* Docket No. 18.

Movants and defendants agree that the *Grossman* and *Vining* actions should be consolidated for all purposes. *See Grossman* Docket No. 13 at 4; Docket No. 16 at 3; Docket No. 18 at 1. The cases assert the same claims under the Securities Exchange Act of 1934 against Oppenheimer Holdings, Inc. and its subsidiaries ("Oppenheimer"), arise out of the same course of conduct, and present common questions of law and fact. Accordingly, the Court should grant the motions for consolidation.

In support of his motion for appointment as Lead Plaintiff, Mr. Vining demonstrated that he has a financial interest of $350,000 in the outcome of this litigation, based on his purchases of unsaleable auction rate securities from Oppenheimer during the Class Period (between April 9, 2003 and February 13, 2008). *See Grossman* Docket No. 13 at 7; Docket No. 14, Ex. F. Mr. Vining's financial interest is twice the amount that the Grossman Group claimed in their competing motion ($175,000). *See Grossman* Docket No. 16 at 5. Mr. Vining also demonstrated that he satisfies the typicality and adequacy requirements for appointment as Lead Plaintiff, as set forth in 15 U.S.C. § 78u-4(a)(3)(B)(iii). *See Grossman* Docket No. 13 at 8-10. Therefore, he is presumed to be the "most adequate plaintiff" to represent the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

On June 24, 2008, Oppenheimer filed a response to the motions for appointment which explained that movant Bette Grossman's claims are time-barred because she purchased auction rate securities in February 2003, outside of the applicable five-year statute of limitations. *See Grossman* Docket No. 18 at 2-3. Therefore, Ms. Grossman is not a member of the proposed class and may not be appointed as Lead Plaintiff. Excluding Ms. Grossman's financial interest, the remaining members of the Grossman Group have a financial interest of $75,000.

On June 27, 2008, Ms. Grossman filed additional papers arguing that Oppenheimer's challenge to the timeliness of her claims was premature. *See* Docket No. 20. Ms. Grossman asserted without explanation, however, that Oppenheimer's argument "does highlight how investors who purchased auction rate securities from Defendants prior to five years before the Complaint was filed should have separate representation for their claims." *Id.* at 1. Ms. Grossman asked the Court to appoint her alone as Lead Plaintiff to represent these individuals. *Id.* at 2.

Ms. Grossman's filing makes no mention of the remaining movants in the Grossman Group. Therefore, it appears that Ms. Hnath and Ms. Stephens have abandoned their motion for appointment as Lead Plaintiff. Moreover, Ms. Grossman did not challenge Mr. Vining's financial interest, typicality or adequacy. As Mr. Vining satisfies all of the Lead Plaintiff requirements of the PSLRA, and Ms. Grossman failed to rebut the presumption that he is the "most adequate plaintiff," the Court should grant Mr. Vining's motion for appointment as Lead Plaintiff and approval of his selection of counsel.

Finally, the Court should deny Ms. Grossman's request that she be appointed to represent persons who purchased auction rate securities from Oppenheimer before the start of the class period. Like Ms. Grossman, such persons are not members of the class asserted in the *Grossman* and *Vining* complaints, and they do not appear to have timely claims. There is no reason to appoint separate representation for investors who are not a part of the case.

For the foregoing reasons and those stated in his moving papers, Mr. Vining respectfully requests that this Court: (1) consolidate the *Grossman* and *Vining* actions for all purposes; (2)

appoint him Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i); and (3) approve his selection of counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

DATED: July 10, 2008          Respectfully submitted,

**GIRARD GIBBS LLP**

By:   *Aaron M. Sheanin*
        Aaron M. Sheanin (*pro hac vice*)

Daniel C. Girard (*pro hac vice*)
Jonathan K. Levine (JL-8390)
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

**Proposed Lead Counsel**

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO, 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**Proposed Co-Lead Counsel**

Christopher A. Seeger (CS-4880)
Stephen A. Weiss (SW-3520)
David R. Buchanan (DB-6368)
**SEEGER WEISS LLP**
One William Street, 10th Floor
New York, NY  10004
Telephone:  (212) 584-0700
Facsimile:  (212) 584-0799

**Proposed Liaison Counsel**

3

# CERTIFICATE OF SERVICE

I, Aaron M. Sheanin, hereby certify that on July 10, 2008, I caused the following document(s) to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service:

1. **REPLY IN SUPPORT OF THE MOTION OF DAVID T. VINING FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of July, 2008 at San Francisco, California.


                                                                        */S/ Aaron M. Sheanin*
                                                        Aaron M. Sheanin (*pro hac vice*)